E. Scott Palmer, Esq., SBN 155376
Email: spalmer@pldlawyers.com
Roland P. Reynolds, Esq., SBN 150864
Email: rreynolds@pldlawyers.com
Frederick A. Haist, Esq., SBN 211322
Email: fhaist@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant Specialized Loan Servicing LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON FORREST, an individual, CINDIE FORREST, an individual, and JON FORREST and CINDIE FORREST AS TRUSTEES OF THE JON AND CINDIE FORREST FAMILY TRUST DATED DECMBER 4, 2012, <br><br> Plaintiffs, <br><br> vs. <br><br> SPECIALIZED LOAN SERVICING, LLC, a business entity form unknown, and DOES 1-100, inclusive, <br><br> Defendants. | Case No.   SACV13-0920 JVS (ANx) <br><br> Honorable James V. Selna <br><br> **SPECIALIZED LOAN SERVICING LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** <br><br> [FRCP RULE 12(b)(6)] <br><br> DATE:        July 22, 2013 <br> TIME:        1:30 p.m. <br> PLACE:      Courtroom 10C <br><br> [filed: May 20, 2013] |

///
///
///
///
///
///
///

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

# TABLE OF CONTENTS

Page No.

I.      INTRODUCTION .................................................................................. 1

II.     BACKGROUND .................................................................................. 2

        A.      Allegations Made in the Complaint ............................................ 2

        B.      Judicially Noticeable Facts ........................................................ 2

III.    LEGAL STANDARD FOR A MOTION TO DISMISS ...................... 3

IV.     THE FORRESTS' COMPLAINT SHOULD BE DISMISSED BECAUSE THEY CANNOT ALLEGE A VALID CLAIM ................................................. 5

        A.      The First Claim for Violation of CIVIL CODE §2923.6 is Not Stated ................... 5

                1.      The Forrests Cannot  Sue for a Violation of CIVIL CODE §2923.6 ............. 5

                2.      Under the Judicially Noticeable Facts, Specialized did Not violate CIVIL CODE §2923.6 ................ 6

                3.      CIVIL CODE §2923.6 was Not Otherwise Triggered ................. 8

                        a.      The Forrests Admit They were Evaluated for a Loan Modification 8

                        b.      The Forrests have Not Documented a Change of Circumstance in Writing ................ 8

        B.      The Third Claim for Negligence is Not Stated .................................... 10

                1.      Negligence Cannot be Established as a Matter of Law ........................ 10

                        a.      No Breach of Any Duty Occurred ................................ 10

                        b.      The Forrests did Not Incur any Damages ................. 11

                2.      Portions of This Claim Duplicates their First Claim ................ 11

                3.      They Cannot State a Tort Claim because Their Claim is Based upon a Breach of Contract ................ 11

        C.      The Fourth Claim for Accounting is Not Stated ............................... 13

        D.      The Second Claim for Violation of BUSINESS AND PROFESSIONS CODE §17200 is Not Stated ................ 15

                1.      The Forrests Lack Standing to Bring a §17200 Claim ............... 15

                2.      No Unlawful Action is Pled ................................ 16

                3.      No Unfair Conduct is Pled ................................ 19

                4.      No Fraudulent Conduct is Pled ................................ 20

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

5.      No Relief is Available to the Forrests ...................................................... 20

V.      CONCLUSION ........................................................................................... 22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

TABLE OF AUTHORITIES

Page No.

**Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*
 7 Cal.4th 503, 515, 28 Cal.Rptr.2d 475 (1994) ................................................ 12

*Ashcroft v. Iqbal*
 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) ..................................................... 4

*Batt v. City and County of San Francisco*, 155 Cal.App.4th 65, 82 (2007) .................................. 13

*Baudino v. SCI California Funeral Servs., Inc.*
 169 Cal.App.4th 773, 790, 87 Cal.Rptr.3d 147 (2008) .................................... 19, 20

*Bell Atlantic Corp. v. Twombly*
 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007) ................ 4

*Berryman v. Merit Property Management, Inc.*
 152 Cal.App.4th 1544, 1556, 62 Cal.Rptr.3d 177 (2007) ..................................... 20

*Birdsong v. Apple, Inc.*
 590 F.3d 955, 959 (9th Cir. 2009) .............................................................. 15

*Brown v. California Pension Administration & Consultants, Inc.*
 45 Cal.App.4th 333, 346, 52 Cal.Rptr.2d 788 (1996) ........................................ 13

*Butler-Rupp v. Lourdeaux*
 134 Cal.App.4th 1220, 1229, 36 Cal.Rptr.3d 685 (2005) ................................... 12

*Byars v. SCME Mortgage Bankers, Inc.*
 109 Cal.App.4th 1134, 1146, 135 Cal.Rptr.2d 796 (2003) .............................. 17, 19

*California Serv. Station Ass'n v. Union Oil Co.*
 232 Cal.App.3d 44, 283 Cal.Rptr. 279 (1991) ................................................ 21

*Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*
 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548 (1999) ............................................. 19

*Cholla Readimix, Inc. v. Civish*
 382 F.3d 969, 973 (9th Cir. 2004) .............................................................. 4

*Clegg v. Cult Awareness Network*
 18 F.3d 752, 754-755 (9th Cir. 1994) .......................................................... 4

*Consumer Solutions REO, LLC v. Hillery*
 658 F.Supp.2d 1002, 1020 (N.D. Cal. 2009) ................................................. 14

*Copesky v. Superior Court*
 229 Cal.App.3d 678, 693 fn.14, 280 Cal.Rptr. 338 (1991) ................................. 14

*Czechowski v. Tandy Corp.*
 731 F.Supp. 406, 410 (N.D. Cal. 1990) ........................................................ 20

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Davenport v. Litton Loan Servicing, LP*
    725 F.Supp.2d 862, 883 (N.D. Cal. 2010) ........................................ 19, 21

*Day v. AT&T*
    63 Cal.App.4th 325, 340, 74 Cal.Rptr.2d 55 (1998) ........................... 21

*Durell v. Sharp Healthcare*
    183 Cal.App.4th 1350, 1366, 108 Cal.Rptr.3d 682 (2010) ................. 19, 21

*Edwards v. Marin Park, Inc.*
    356 F.3d 1058, 1066 (9th Cir. 2004) .................................................. 17

*Erlich v. Menezes*
    21 Cal.4th 543, 551, 87 Cal.Rptr.2d 886 (1999) ............................... 12

*Foley v. Interactive Data Corp.*
    47 Cal.3d 654, 684, 700, 254 Cal.Rptr. 211 (1998).......................... 12

*Forsyth v. Humana, Inc.*
    114 F.3d 1467, 1481 (9th Cir. 1997) ................................................ 18

*Freeman & Mills v. Belcher Oil Company*
    11 Cal.4th 85, 44 Cal.Rptr.2d 42 (1995)......................................... 13

*Gauvin v. Trombatore*
    682 F.Supp. 1067, 1071 (N.D. Cal. 1988) ......................................... 4

*Gilmer v. Ellington*
    159 Cal.App.4th 190, 195, 70 Cal.Rptr.3d 893 (2008)....................... 10

*Hamilton v. Greenwich Investors XXVI, LLC*
    195 Cal.App.4th 1602, 1617, 126 Cal.Rptr.3d 174 (2011)............15, 19, 21

*Haskin v. R.J. Reynolds Tobacco Co.*
    995 F.Supp. 1437, 1439 (M.D. Fla. 1998) ........................................ 17

*Hutton v. Fid. Nat'l Title Co.*
    213 Cal. App. 4th 486, 495-96, 152 Cal. Rptr. 3d 584 (2013).......... 19, 20

*Ileto v. Glock Inc.*
    349 F.3d 1191, 1199-1200 (9th Cir. 2003) ......................................... 3

*In re GlenFed Sec. Litig.*
    42 F.3d 1541, 1545 (9th Cir. 1994) .................................................. 17

*In re Sagent Technology, Inc., Derivative Litigation*
    278 F.Supp.2d 1079, 1094-1095 (N.D. Cal. 2003)............................. 4

*Izenberg v. ETS Services, LLC*
    589 F.Supp.2d at 1199 (C.D. Cal. 2008)........................................... 18

*Jackson v. Fischer*, --- F.Supp.2d ---
    C 11-2753 PJH, 2013 WL 1089860 *17-18 (N.D. Cal. Mar. 15, 2013)......... 13

*Janis v. California State Lottery Com.*
    68 Cal.App.4th 824, 833–34, 80 Cal.Rptr.2d 549 (1998)...................... 13

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- iv -

*Jenkins v. JP Morgan Chase Bank, N.A.*
  --- Cal.Rptr.3d ---, G046121, 2013 WL 2145098, *7 (Cal. Ct. App. May 17, 2013) .......... 15, 16

*Kasky v. Nike, Inc.*
  27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296 (2002) ................................................. 20

*Kearns v. Ford Motor Co.*
  567 F.3d 1120, 1125 (9th Cir.2009). ........................................................ 17, 20

*Knievel v. ESPN*
  393 F.3d 1068, 1076 (9th Cir. 2005) ........................................................... 3, 5

*Korea Supply Co. v. Lockheed Martin Corp.*
  29 Cal.4th 1134, 1148, 131 Cal.Rptr.2d 29 (2003) ............................................. 20

*Lancaster Community Hospital v. Antelope Valley Hospital District*
  940 F.2d 397, 405 (9th Cir. 1991) ........................................................... 17, 18

*Lawrence v. Bank of America*
  163 Cal.App.3d 431, 437, 209 Cal.Rptr. 541 (1985) ............................................ 14

*Lazar v. Hertz Corp.*
  69 Cal.App.4th 1494, 1505, 82 Cal.Rptr.2d 368 (1999) ......................................... 16

*Lee v. City of Los Angeles*
  250 F.3d 668, 688-689 (9th Cir. 2001) ......................................................... 4

*Mabry v. Superior Court*
  185 Cal.App.4th 208, 231, 110 Cal.Rptr.3d 201 (2010) ...................................... 19, 21

*Madrid v. Perot Systems Corp.*
  130 Cal.App.4th 440, 462-466, 30 Cal.Rptr.3d 210 (2005) ..................................... 21

*Melton v. Boustred*
  183 Cal. App. 4th 521, 529, 107 Cal. Rptr. 3d 481 (2010) ..................................... 10

*MGIC Indem. Corp. v. Weisman*
  803 F.2d 500, 504 (9th Cir. 1986) ............................................................. 4

*Myers v. Philip Morris Companies, Inc.*
  28 Cal.4th 828, 840-47, 123 Cal.Rptr.2d 40 (2002) .......................................... 6, 9

*National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology*
  228 F.3d 1043, 1049 (9th Cir. 2000) ........................................................... 4

*Nymark v. Hart Federal Savings & Loan Assoc.*
  231 Cal.App.3d 1089, 1092, fn.1, 283 Cal.Rptr. 53 (1991) ..................................... 14

*Odom v. Microsoft Corp.*
  486 F.3d 541, 551 (9th Cir. 2007) (en banc) ................................................. 18

*Oscar v. University Students Coop. Ass'n,*
  965 F.2d 783, 785 (9th Cir.1992) ............................................................. 18

*Ove v. Gwinn*
  264 F.3d 817, 825 (9th Cir. 2001) ............................................................ 18

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- v -

*Pantoja v. Countrywide Home Loans, Inc.*
640 F.Supp.2d 1177, 1192 (N.D. Cal. 2009) ............................................. 14

*People ex rel. City of Santa Monica v. Gabriel*
186 Cal.App.4th 882, 889, 112 Cal.Rptr.3d 574 (2010) .......................... 20

*People v. Martinson*
188 Cal.App.3d 894, 900, 233 Cal.Rptr. 617 (1986) ............................... 20

*Peterson v. Cellco Partnership*
164 Cal.App.4th 1583, 1593, 80 Cal.Rptr.3d 316 (2008) ........................ 21

*Rich Products Corp. v. Kemutec, Inc.*
66 F.Supp.2d 937, 969 (E.D. Wis. 1999) .................................................. 12

*Robinson Helicopter Co., Inc. v. Dana Corp.*
34 Cal.4th 979, 988, 22 Cal.Rptr.3d 352 (2004) ..................................... 12

*Scripps Clinic v. Superior Court*
108 Cal.App.4th 917, 938-939, 943-944, 134 Cal.Rptr.2d 101 (2003) ..... 16

*Sedima, S.P.R.L. v. Imrex Co., Inc.*
473 U.S. 479, 496-497, 105 S.Ct. 3275 (1985) ........................................ 18

*Smith v. State Farm Mutual Automobile Ins. Co.*
93 Cal.App.4th 700, 717-718, 113 Cal.Rptr.2d 399 (2001) ..................... 16

*Sosa v. DIRECTV, Inc.*
437 F.3d 923, 939 (9th Cir.2006) ............................................................. 18

*Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*
720 F.Supp. 805, 810 (N.D. Cal. 1990) .................................................... 20

*St. James Church of Christ Holiness v. Superior Court*
135 Cal.App.2d 352, 359 (1955) ............................................................... 14

*Stanley v. University of Southern California*
13 F.3d 1313, 1319 (9th Cir. 1994) .......................................................... 22

*Swartz v. KPMG LLP*
476 F.3d 756, 764-65 (9th Cir. 2006) ....................................................... 17

*Teachers Ins. & Annuity Ass'n v. Furlotti*
70 Cal.App.4th 1487, 1493, 83 Cal.Rptr.2d 458 (1999) .......................... 22

*Union Bank v. Superior Court*
31 Cal.App.4th 573, 593-594, 37 Cal.Rptr.2d 653 (1995) ................. 13, 14

*Velasquez v. GMAC Mortg. Corp.*
605 F. Supp.2d 1049, 1058 (C.D. Cal. 2008) .............................................. 4

*Walker v. Countrywide Home Loans, Inc.*
98 Cal.App.4th 1158, 1169-1170, 121 Cal.Rptr.2d 79 (2002) ................ 15

*Winterbower v. Wells Fargo Bank, N.A.*
SA CV 13-0360-DOC, 2013 WL 1232997 *3 (C.D. Cal. Mar. 27, 2013) ... 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

*Yourish v. California Amplifier*
  191 F.3d 983, 993 (9th Cir. 1999) ................................................................ 17

**Statutes**

18 U.S.C. §1341 ........................................................................................... 17

18 U.S.C. §1343 ........................................................................................... 17

18 U.S.C. §1961(5) ....................................................................................... 18

18 U.S.C. §1962 ........................................................................................... 18

BUSINESS AND PROFESSIONS CODE §17200 ............................... 1, 2, 15, 16, 17, 20

BUSINESS AND PROFESSIONS CODE §17203 ........................................................ 20

BUSINESS AND PROFESSIONS CODE §17204 .................................................. 15, 20

BUSINESS AND PROFESSIONS CODE §17206 ........................................................ 20

CIVIL CODE §§1572-1573 .............................................................................. 17

CIVIL CODE §§1709-1711 .............................................................................. 17

CIVIL CODE §2876 ........................................................................................ 15

CIVIL CODE §2920 .......................................................................................... 5

CIVIL CODE §2920.5(c)(1) .............................................................................. 5

CIVIL CODE §2923.4(a) ............................................................................. 19, 21

CIVIL CODE §2923.6 ..................................................... 1, 2, 5, 6, 9, 10, 11, 17, 22

CIVIL CODE §2923.6(c) .................................................................................. 5, 8

CIVIL CODE §2923.6(f) ................................................................................... 6, 7

CIVIL CODE §2923.6(g) ............................................................................... 1, 8, 9

CIVIL CODE §2924.12(c) ................................................................................... 9

CIVIL CODE §2924.7 ...................................................................................... 15

CIVIL CODE §2924c ....................................................................................... 15

**Other Authorities**

CAL. CONST., ART. IV, § 8(c)(1) ........................................................................ 5

**Rules**

FEDERAL RULES OF CIVIL PROCEDURE
  RULE 8 ........................................................................................................ 4

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

FEDERAL RULES OF CIVIL PROCEDURE
RULE 9 ..............................................................................................17, 18, 20

FEDERAL RULES OF CIVIL PROCEDURE
RULE 9(b) .............................................................................. 17, 18

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# I.    **INTRODUCTION**

No one has yet foreclosed on Plaintiffs Jon Forrest, Cindie Forrest and Jon Forrest And Cindie Forrest As Trustees Of The Jon And Cindie Forrest Family Trust Dated December 4, 2012 (the "Forrests")'s property.  Instead, the Forrests claim that Defendant Specialized Loan Servicing LLC ("Specialized") violated the post-January 1, 2013 version of CIVIL CODE §2923.6.  However, they were repeatedly evaluated for a loan modification before January 1, 2013, so there cannot be a violation under CIVIL CODE §2923.6(g).  CIVIL CODE §2923.6(g) only requires a re-evaluation for a loan modification if the Forrests submit written documentation of a material change in financial circumstances—something they failed to do.  Even if CIVIL CODE §2923.6 could be violated, no such violation can be stated.  The Forrests claim Specialized violated the statute because its loan modification denial letter did not satisfy the new requirements set forth in §2923.6.  Conveniently, they fail to attach the denial letter to their Complaint.  They ignore that Specialized issued two denial letters, both dated before January 1, 2013, and both satisfying the post-January 1, 2013 requirements.  They also allege that Specialized negligently inflated the default fees, but since no foreclosure has started and they defaulted before it serviced the loan, they cannot base any claims on such allegations.  This negligence claim cannot be stated for another reason—the Forrests cannot recover in tort for what is essentially a breach of contract claim on the First Deed of Trust.  The First Deed of Trust also would not be breached by adding higher costs.  They do not have standing to state a BUSINESS AND PROFESSIONS CODE §17200 claim, and do not otherwise allege facts to satisfy the elements of the claim.  They are not entitled to an accounting, as there is nothing to account.

- The First Claim for violation of CIVIL CODE §2923.6 is not stated because the Forrests cannot sue, no violation of CIVIL CODE §2923.6 occurred and the statute was not triggered.

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- 1 -

- The Second Claim for violation of BUSINESS AND PROFESSIONS CODE §17200 is not stated because they have no standing, there was no unlawful action, there was fraudulent conduct, no unfair action and they cannot obtain any relief.

- The Third Claim for Negligence is duplicative of their First Claim, they cannot state a tort claim for what is a breach of contract, and there cannot be a breach of any duty.

- The Fourth Claim for Accounting is not stated because there is no basis for an accounting.

The motion to dismiss should be granted.

## II.   BACKGROUND

### A.   Allegations Made in the Complaint

The Forrests allege they own the real property located at 2 Carlisle Court, Ladera Ranch, CA 92694.  [Complaint ¶1.]  Allegedly, defendants marked-up the default fees.  [Complaint ¶¶24-37.]  The Forrests allege they began missing some payments in early 2009, but made some payments when Bank of America was servicing their loan.  [Complaint ¶¶40-43.]  In 2009, Bank of America allegedly evaluated the Forrests for a loan modification, but after they submitted all of the required documents, they were denied a modification.  [Complaint ¶¶41-50.]  The Forrests allegedly could not make any payments in late 2010 and filed for bankruptcy, which resulted in a discharge in January 2011.  [Complaint ¶¶45-46.] Specialized allegedly took over servicing in late 2011, and the Forrests requested a loan modification with it.  [Complaint ¶52.]  Specialized allegedly denied the loan modification application in a January 2013 letter without providing the explanation required under CIVIL CODE §2923.6.  [Complaint ¶¶53-55.]

### B.   Judicially Noticeable Facts

The Forrests' Note was secured by a First Deed of Trust.  [Request for Judicial Notice "RJN" #1, Adjustable Rate Note, attached as Exhibit 1; RJN #2, First Deed of Trust, attached as Exhibit 2; RJN #3, Second Deed of Trust, attached

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

as Exhibit 3.]  The Court also can consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) [citations and internal quotations omitted].  The Forrests allege Specialized solicited them for a loan modification in 2012 and issued an improper denial letter, but they fail to attach those letters.  Specialized contacted the Forrests about their inability to pay their loan and began discussions about alternatives to foreclosure in February 13, 2012.[1]  [RJN #4, Specialized's February 13, 2012 letter, attached as Exhibit 4.]  On October 25, 2012, Specialized sent the Forrests a letter giving a detailed explanation as to why their loan modification application was denied for a non-HAMP modification and said that alternatives may be available.  [RJN #5, Specialized's October 25, 2012 Denial letter, attached as Exhibit 5.]  On December 13, 2012, the Forrests were sent a second loan modification denial letter indicating they were denied for a HAMP modification.  [RJN #6, Specialized's December 13, 2012 Denial letter, attached as Exhibit 6.[2]]  Jon and Cindie Forrest quitclaimed their interest to their trust.  [RJN #7, Quitclaim Deed, attached as Exhibit 7.]

## III.   LEGAL STANDARD FOR A MOTION TO DISMISS

A motion to dismiss pursuant to FEDERAL RULES OF CIVIL PROCEDURE ("FRCP"), RULE 12(b)(6) tests the sufficiency of the complaint.  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  A complaint that lumps together seemingly unrelated defendants fails to give them fair notice of the claims against

---

[1] Specialized contacted the Forrests numerous times between February 2012 and December 2012 requesting information relating to their loan modification application.

[2] Specialized's counsel sent the Forrests a meet and confer letter to discuss the misrepresentations in their Complaint before filing its motion to dismiss, but they never responded to Specialized's letter.

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

them under FRCP, Rule 8. *In re Sagent Technology, Inc., Derivative Litigation*, 278 F.Supp.2d 1079, 1094-1095 (N.D. Cal. 2003); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988). A complaint must allege enough facts to state a claim against a particular defendant that is plausible, not merely conceivable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those allegations cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994); *Cholla Readimix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004); *see also Twombly*, 550 U.S. at 555, 570. A plaintiff must allege more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). "'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Under Federal Rules of Evidence, Rule 201, a judicially noticed fact is one that is capable of accurate and ready determination by sources whose accuracy cannot be questioned. A court can take judicial notice of undisputable matters of public record when considering a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Specifically, a court can take judicial notice of documents recorded with a county recorder's office in the context of a motion to dismiss as there is no reason to question their authenticity. *Velasquez v. GMAC Mortg. Corp.*, 605 F. Supp.2d 1049, 1058 (C.D. Cal. 2008). Evidentiary facts contained in exhibits attached to a complaint can be considered on a motion to dismiss. *National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). The Court also can consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) [citations and internal quotations omitted].

## IV.   THE FORRESTS' COMPLAINT SHOULD BE DISMISSED BECAUSE THEY CANNOT ALLEGE A VALID CLAIM

### A.   The First Claim for Violation of CIVIL CODE §2923.6 is Not Stated

The Forrests have not alleged a plausible claim against Specialized.  No foreclosure has occurred, so there is no technical violation of CIVIL CODE §2923.6 and no dual tracking could have occurred.

The Homeowners' Bill of Rights became effective on January 1, 2013, and modified the prior version of CIVIL CODE §2923.6.  See CIVIL CODE §§2920 *et seq.*; CAL. CONST., ART. IV, § 8(c)(1).  The new version of CIVIL CODE §2923.6 indicates that a beneficiary cannot record a Notice of Default, record a Notice of Trustee's Sale or sell a property once a completed loan modification application is submitted and a decision is pending.

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

CIV. CODE §2923.6(c).

### 1.   The Forrests Cannot  Sue for a Violation of CIVIL CODE §2923.6

Under CIVIL CODE §2920.5(c)(1), a borrower is a natural person.  Thus, Jon Forrest And Cindie Forrest As Trustees Of The Jon And Cindie Forrest Family Trust Dated December 4, 2012 have no rights under CIVIL CODE §2923.6 as it only applies to a "borrower."  Jon Forrest and Cindie Forrest, as individuals, lack

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1    standing to assert the claim.  The Property was deeded to the trust.  [RJN #7,

2    Quitclaim Deed, attached as Exhibit 7.]

3        **2.    Under the Judicially Noticeable Facts, Specialized did Not**

4    **violate CIVIL CODE §2923.6**

5        The Forrests' Complaint misrepresents the facts.  The Forrests allege

6    Specialized first solicited them for a loan modification in December 2012, but

7    Specialized contacted the Forrests in February 13, 2012.  [RJN #4, Specialized's

8    February 13, 2012 letter, attached as Exhibit 4.]  Specialized conducted a full

9    evaluation, and on October 25, 2012, sent the Forrests a detailed explanation as to

10   why their loan modification application was denied for a non-HAMP modification.

11   [RJN #5, Specialized's October 25, 2012 Denial letter, attached as Exhibit 5.]  The

12   October 25 letter also mentions that there were other alternatives to foreclosure.

13   [RJN #5, Specialized's October 25, 2012 Denial letter, attached as Exhibit 5.]

14   Specialized sent the Forrests a second denial letter, indicating they were denied for a

15   HAMP modification.  [RJN #6, Specialized's December 13, 2012 Denial letter,

16   attached as Exhibit 6.]  No further loan modification applications were considered.

17   Neither letter had to fulfill the post-January 1, 2013 version of CIVIL CODE §2923.6

18   since they were sent before the effective date of the statute.  Generally, laws are not

19   applied retroactively.  *See Myers v. Philip Morris Companies, Inc.*, 28 Cal.4th 828,

20   840-47, 123 Cal.Rptr.2d 40 (2002).

21       Even if CIVIL CODE §2923.6 was retroactively applied, or Specialized's denial

22   was deemed to be post-January 1, 2013, both of Specialized's letters fulfilled the

23   statute.  Under CIVIL CODE §2923.6(f):

24       Following the denial of a first lien loan modification

25       application, the mortgage servicer shall send a written notice to

26       the borrower identifying the reasons for denial, including the

27       following: (1) The amount of time from the date of the denial

28       letter in which the borrower may request an appeal of the denial

- 6 -

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1    of the first lien loan modification and instructions regarding

2    how to appeal the denial. (2) If the denial was based on investor

3    disallowance, the specific reasons for the investor disallowance.

4    (3) If the denial is the result of a net present value calculation,

5    the monthly gross income and property value used to calculate

6    the net present value and a statement that the borrower may

7    obtain all of the inputs used in the net present value calculation

8    upon written request to the mortgage servicer. (4) If applicable,

9    a finding that the borrower was previously offered a first lien

10    loan modification and failed to successfully make payments

11    under the terms of the modified loan. (5) If applicable, a

12    description of other foreclosure prevention alternatives for

13    which the borrower may be eligible, and a list of the steps the

14    borrower must take in order to be considered for those options.

15    If the mortgage servicer has already approved the borrower for

16    another foreclosure prevention alternative, information

17    necessary to complete the foreclosure prevention alternative.

18    The October 25, 2012 Denial letter was based upon the fact that the net present

19    value did not allow a modification; Specialized provided those numbers.  It also

20    mentioned other alternatives to foreclosure.  [RJN #5, Specialized's October 25,

21    2012 Denial letter, attached as Exhibit 5.]  Specialized's second letter denied a

22    modification on the basis that their income was too low.  The second letter also

23    mentions other alternatives to foreclosure.  [RJN #6, Specialized's December 13,

24    2012 Denial letter, attached as Exhibit 6.]  Under CIVIL CODE §2923.6(f),

25    Specialized did not have to provide inputs and values for a denial based upon

26    insufficient income.  It provided a sufficient reason—the loan could not be modified

27    to provide for a payment that was 31% of the Forrests' income.  Thus, the Forrests'

28

- 7 -

allegations that the denial did not contain the information the statute requires are false.  [Complaint ¶55.]

### 3.   CIVIL CODE §2923.6 was Not Otherwise Triggered

a.   The Forrests Admit They were Evaluated for a Loan Modification

Under CIVIL CODE §2923.6(c), a foreclosure cannot occur while a loan modification application is pending.  The Forrests admit no loan modification application is pending.  Bank of America denied their first application in 2011. [Complaint ¶¶41-49.]  Under the present version of CIVIL CODE §2923.6(g), a servicer has no duty to re-evaluate them after January 1, 2013 if they already have been evaluated: "[T]he mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013 . . . ."  The facts they allege show they were fairly evaluated by Bank of America. Thus, Specialized did not have to evaluate them again in 2012 or 2013, unless they provide written documentation of a change in circumstance.

As to Specialized, they admit Specialized denied their application. [Complaint ¶55.]  They do not allege any facts showing that they were not fairly evaluated; the facts they allege show Specialized did fairly evaluate them.  All they allege is a supposed technical violation—that the denial letter did not say all what they think it should say.  They have not alleged how they were damaged by this supposed violation.  The received the substantive benefits of the statute—twice.

b.   The Forrests have Not Documented a Change of Circumstance in Writing

The Forrests do not allege any facts showing that their circumstances changed from when Bank of America denied their loan modification in 2011 and in 2012 when they submitted a new application to Specialized.  Again, Specialized could not

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  have had any such duty in 2012—§2923.6 only became effective on January 1,

2  2013.  *See Myers*, 28 Cal.4th at 840-47.

3     Under CIVIL CODE §2923.6(g), a servicer only has to re-evaluate a borrower

4  post-January 1, 2013, if "there has been a material change in the borrower's financial

5  circumstances since the date of the borrower's previous application and that change

6  is documented by the borrower and submitted to the mortgage servicer . . . ."  The

7  Forrests do not allege any changed circumstance between January 2011 and April

8  2013.  [Complaint ¶¶46-56.]  Thus, Specialized did not have to perform any review

9  between January 2011 and April 2013.  Since it had no duty to perform a re-

10 evaluation, it should not be liable if it voluntarily performed a re-evaluation.

11 Specialized cannot violate something it had no duty to do.  And as discussed,

12 Specialized in fact denied the application in October and December 2012.[3]

13    The Forrests allege that Specialized should re-evaluate them for a loan

14 modification because as of May 10, 2013, they have a change in circumstance.

15 [Complaint ¶¶59-61, Exhibit C.]  Their written documentation of a change in

16 circumstances is a May 10, 2013 letter from their counsel asserting such a change.

17 [Complaint Exhibit C.]  This action was filed only 10 days after they made this

18 claim on May 20—the Forrests did not wait in good faith for Specialized to respond

19 and address the claim.  Specialized has a statutory right to correct any supposed

20 violation of CIVIL CODE §2923.6 to eliminate its liability.  CIV. CODE §2924.12(c)

21 ("A mortgage servicer . . . shall not be liable for any violation that it has corrected

22 and remedied prior to the recordation of a trustee's deed upon sale . . .").  The

23 Forrests did not allow it to do so before filing suit.  Regardless, their May 10 letter

24 does not trigger §2923.6(g).  Their May 10 letter does not contain any

25 documentation of the supposed change in circumstances.  Merely stating that there

---

26 [3] The Forrests submitted another loan modification application in January 2013, but

27 it did not contain a documented, written change in circumstance, so Specialized did

28 not consider it.

1   is a change without providing any documentary proof of the change is insufficient.

2   See *Winterbower v. Wells Fargo Bank, N.A.*, SA CV 13-0360-DOC, 2013 WL

3   1232997 *3 (C.D. Cal. Mar. 27, 2013).

**B.     The Third Claim for Negligence is Not Stated**

5        The elements of a cause of action for negligence are duty, breach, causation,

6   and damages.  *Melton v. Boustred*, 183 Cal. App. 4th 521, 529, 107 Cal. Rptr. 3d

7   481 (2010).  The absence of an element is fatal to a negligence claim.  *See Gilmer v.*

8   *Ellington,* 159 Cal.App.4th 190, 195, 70 Cal.Rptr.3d 893 (2008).  The Forrests

9   allege two general bases for their claim—that Specialized overcharged default fees,

10  and it did not comply with CIVIL CODE §2923.6.  Neither base can state a claim.

**1.     Negligence Cannot be Established as a Matter of Law**

**a.     No Breach of Any Duty Occurred**

13       The Forrests' claim of being overcharged cannot be established.  First, they

14  fail to allege any facts showing any charges were inflated.  They do not allege any

15  details other than concluding Specialized inflated their late fees.

16       Second, they provide no basis for their claim that Specialized had a duty to

17  refrain from inflating the fees.  In general, there is no law preventing a company

18  from increasing fees from services rendered by a third party.  If there was,

19  uncountable business would cease making any profits.

20       The only potential source of such a duty would be a contract.  As discussed

21  below, they cannot base a tort claim on a breach of contract.  The Forrests do not

22  allege any contractual basis, although they do refer to the Note and First Deed of

23  Trust.  They admit that the beneficiary of the Note and First Deed of Trust can add

24  any late fees to their loan debt.  [Complaint ¶¶26-27.]  They also claim that the Note

25  and First Deed of Trust do not authorize mark-ups.  Notably, they do not point to

26  any provision in either document saying that mark-ups are prohibited—because

27  there is no such provision.  [RJN #1, Adjustable Rate Note, attached as Exhibit 1;

28

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- 10 -

RJN #2, First Deed of Trust, attached as Exhibit 2.]  In fact, the First Deed of Trust explicitly states that

> Lender may charge Borrower fees for servicer performed in connection with Borrower's default . . . the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee.

[RJN #2, First Deed of Trust §14, attached as Exhibit 2.]  Thus, there cannot be a breach if Specialized charged default fees, or inflated such fees.

### b.   The Forrests did Not Incur any Damages

The facts they allege show that even if Specialized inflated fees, they were not damaged.  They allege that they stopped making payments in October 2010. [Complaint ¶45.]  They do not allege that they resumed making any payments after October 2010, December 2011, or at any time.  Specialized did not service the loan before December 2011.  [Complaint ¶51.]  Thus, they never paid Specialized any inflated charges.

### 2.   Portions of This Claim Duplicates their First Claim

The Forrests, in part, base their claim on an alleged violation of CIVIL CODE §2923.6.  [Complaint ¶¶106, 111-112.]  This is merely duplicating their First Claim for relief.   Their allegations are essentially that Specialized acted negligently to violate the statute.  This is indistinguishable from alleging a violation of the statute. And, as discussed above, no claim for violation of §2923.6 can be stated.

### 3.   They Cannot State a Tort Claim because Their Claim is Based upon a Breach of Contract

The Forrests' claim that Specialized improperly marked up the default fees is really a breach of contract claim, as shown by their references to the Note and First Deed of Trust.  [Complaint ¶¶26-29.]  The general rule precludes recovery in tort for breaches of contract, otherwise every breach of contract could become a tort case.

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- 11 -

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 515, 28 Cal.Rptr.2d 475 (1994).  The economic loss rule still circumscribes and limits the extent to which a plaintiff may state a fraud claim based in contract:

> The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise. Quite simply, the economic loss rule "prevent[s] the law of contract and the law of tort from dissolving one into the other."

*Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal.4th 979, 988, 22 Cal.Rptr.3d 352 (2004).  Thus, to state a claim for a tort, the Forrests must demonstrate they suffered more than an economic loss.  *Butler-Rupp v. Lourdeaux*, 134 Cal.App.4th 1220, 1229, 36 Cal.Rptr.3d 685 (2005) ["[T]he affirmance of the award of damages for emotional distress would blur the distinction between contract and tort, thereby violating the policy underlying the economic loss rule. Since [Plaintiff's] damages derive solely from appellants' failure to perform their contract obligations, she can recover only in contract for the economic losses due to her disappointed contractual expectations."]  The California Supreme Court, in *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 684, 700, 254 Cal.Rptr. 211 (1998), previously held that where relationships between parties are fundamentally contractual, contract, and not tort, damages are the appropriate remedy.

A plethora of California case law confirms this principle. "[T]he economic loss rule 'prevent[s] the law of contract and the law of tort from dissolving one into the other.'"  *Robinson Helicopter Co.,* 34 Cal.4th at 988 (*quoting Rich Products Corp. v. Kemutec, Inc.,* 66 F.Supp.2d 937, 969 (E.D. Wis. 1999)).  The court in *Erlich v. Menezes,* 21 Cal.4th 543, 551, 87 Cal.Rptr.2d 886 (1999) reinforced this concept by holding that "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

principles of tort law." The court in *Brown v. California Pension Administration & Consultants, Inc.,* 45 Cal.App.4th 333, 346, 52 Cal.Rptr.2d 788 (1996) held that "the Supreme Court has rejected the transmutation of contract actions into tort actions 'in favor of a general rule precluding tort recovery for non-insurance contract breach, at least in the absence of violation of an "independent duty arising from principles of tort law.""" *Brown,* 45 Cal.App.4th at 346 (quoting in part, *Freeman & Mills v. Belcher Oil Company,* 11 Cal.4th 85, 44 Cal.Rptr.2d 42 (1995)).

The California Supreme Court affirmed the principle and held that tort theories of recovery are allowed in breach of contract actions in very limited situations in *Freeman & Mills,* 11 Cal.4th at 95. The *Freeman & Mills* court essentially held that the only situation in which a tort theory is allowed in a breach of contract situation is in the insurance area. *Freeman & Mills,* 11 Cal.4th at 91, 95. Neither situation applies. Thus, the Forrests cannot transmute a contract claim unto a negligence tort claim. And, as discussed above, they have not alleged a breach and cannot do so under their theory.

## C.     The Fourth Claim for Accounting is Not Stated

An accounting is equitable in nature; it is not an independent claim, but instead a form of equitable relief where the defendant accounts to the plaintiff for money. *Batt v. City and County of San Francisco,* 155 Cal.App.4th 65, 82, 65 Cal.Rptr.3d 716 (2007). It also is a derivative claim and fails if the other claims fail. *Janis v. California State Lottery Com.,* 68 Cal.App.4th 824, 833–34, 80 Cal.Rptr.2d 549 (1998); *Jackson v. Fischer,* --- F.Supp.2d ---, C 11-2753 PJH, 2013 WL 1089860 *17-18 (N.D. Cal. Mar. 15, 2013). Thus, this is not a valid claim that can be stated.

Even if there was an "accounting" claim, it is not stated. The right to accounting arises where there is a fraud or some fiduciary duty. *Union Bank v. Superior Court,* 31 Cal.App.4th 573, 593-594, 37 Cal.Rptr.2d 653 (1995); *Jackson,* 2013 WL 1089860 at *17-18. The Forrests have not alleged any fraud. They also

- 13 -

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1  have not alleged any basis for a fiduciary duty.  It is black letter law in California

2  that a lender does not owe a fiduciary duty to its borrower.  *See, e.g., Nymark v.*

3  *Hart Federal Savings & Loan Assoc.,* 231 Cal.App.3d 1089, 1092, fn.1, 283

4  Cal.Rptr. 53 (1991) ("The relationship between a lending institution and its

5  borrower–client is not fiduciary in nature."); *Copesky v. Superior Court*, 229

6  Cal.App.3d 678, 693 fn.14, 280 Cal.Rptr. 338 (1991) (cautioning against the "loose

7  characterization" of financial relationships as fiduciary, quasi-fiduciary or fiduciary-

8  like because "the bank is in no sense a true fiduciary"); *Lawrence v. Bank of*

9  *America*, 163 Cal.App.3d 431, 437, 209 Cal.Rptr. 541 (1985) ("However, under

10  ordinary circumstances the relationship between a bank and its depositor is that of

11  debtor-creditor, and is not a fiduciary one; and appellant has failed to allege any

12  facts which would support a finding that a fiduciary relationship existed . . .").

13  Without either component alleged, no claim can be stated.

14       Even if there was a fiduciary duty and fraud (which there is not), an

15  accounting is only appropriate when there is a balance due from the defendant to the

16  plaintiff.  *St. James Church of Christ Holiness v. Superior Court,* 135 Cal.App.2d

17  352, 359, 287 P.2d 387 (1955).  When a plaintiff owes a defendant, no accounting is

18  necessary or appropriate.  *Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d

19  1002, 1020 (N.D. Cal. 2009).  The Forrests are in default—they owe on the loan,

20  and Specialized owes them nothing.  Since they have not made any payments since

21  2010, Specialized cannot owe them any supposed overpayment of any default fee.

22  [Complaint ¶¶45-46.]  "There is no right to an accounting where none is necessary."

23  *Union Bank,* 31 Cal.App.4th at 594.

24       Further, an accounting is not required when the amount in dispute is certain or

25  ascertained by a simple calculation. *St. James Church,* 135 Cal.App.2d at 359;

26  *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1192 (N.D. Cal.

27  2009).  The amount in dispute is certain and can be ascertained by simple

28  calculations.  The amount in default is set by statute and contract (the Note and First

- 14 -

1   Deed of Trust).  CIV. CODE §2924.7, 2924c, 2876.  The amount can be easily

2   calculated given all of the relevant information.  Thus, there is no need for an

3   accounting.

4   **D.    The Second Claim for Violation of BUSINESS AND PROFESSIONS**

5   **CODE §17200 is Not Stated**

6          BUSINESS AND PROFESSIONS CODE §17200 defines unfair competition as being

7   any unlawful, unfair or fraudulent business act or practice.  A business practice is 1)

8   "unlawful" if it is "forbidden by law;" 2) "unfair" if it "offends an established public

9   policy or when the practice is immoral, unethical, oppressive, unscrupulous or

10  substantially injurious to consumers" or "the utility of the defendant's conduct" does

11  not offset "the gravity of the harm to the alleged victim;" or 3) "fraudulent" if it is

12  deceptive to the members of the public.  *Walker v. Countrywide Home Loans, Inc.,*

13  98 Cal.App.4th 1158, 1169-1170, 121 Cal.Rptr.2d 79 (2002).

14         **1.    The Forrests Lack Standing to Bring a §17200 Claim**

15         The Forrests do not have standing to assert a §17200 claim.  "To have

16  standing under California's UCL, as amended by California's Proposition 64,

17  plaintiffs must establish that they (1) suffered an injury in fact and (2) lost money or

18  property as a result of the unfair competition."  *Birdsong v. Apple, Inc.*, 590 F.3d

19  955, 959 (9th Cir. 2009); BUS. AND PROF. CODE §17204; *Hamilton v. Greenwich*

20  *Investors XXVI, LLC*, 195 Cal.App.4th 1602, 1617, 126 Cal.Rptr.3d 174 (2011).

21  The Forrests have not alleged they suffered an injury caused by the wrongful actions

22  upon which they are suing.  The injury must be caused by the wrongful actions.

23  "Jenkins's third cause of action must  . . . plead a causal link between her economic

24  injury, the impending nonjudicial foreclosure of her home, and the six unfair or

25  unlawful acts allegedly committed by Defendants."  *Jenkins v. JP Morgan Chase*

26  *Bank, N.A.*, --- Cal.Rptr.3d ---, G046121, 2013 WL 2145098, *7 (Cal. Ct. App. May

27  17, 2013, modified June 12, 2013); *Daro v. Superior Court*, 151 Cal.App.4th 1079,

28  1099, 61 Cal.Rptr.3d 716, 729 (2007) ("In short, there must be a causal connection

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- 15 -

between the harm suffered and the unlawful business activity").  The only potential injury they have is the loss of the Property through the foreclosure or alleged mark-ups.  However, they fail to allege any details about the mark-ups, or that the mark-ups damaged them.  They do not allege that late fees were unjustified or that no one performed any actions.  The Deed of Trust allows late charges and does not set any specific amount.  [RJN #2, First Deed of Trust §14, attached as Exhibit 2.]  And, they admit they have not paid on the loan since 2010, so they could not have been paid any "marked-up" late fees to Specialized.  [Complaint ¶45.]  The uncommenced foreclosure is not their damage—a foreclosure would be caused by their admitted failure to pay on their loan.  The Deed of Trust allows a foreclosure sale if there is a default.  They do not allege that the Deed of Trust was invalid, or that they did not want the loan.  "As Jenkins's home was subject to nonjudicial foreclosure because of Jenkins's default on her loan, which occurred before Defendants' alleged wrongful acts, Jenkins cannot assert the impending foreclosure of her home (i.e., her alleged economic injury) was caused by Defendants' wrongful actions."  *Jenkins*, 2013 WL 2145098 at *14.  Since the default occurred before the any loan modification was consider, much less before Specialized took over servicing, no claim is stated.

### 2.    No Unlawful Action is Pled

The unlawful prong of a §17200 claim requires a violation of some other law. *See Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 717-718, 113 Cal.Rptr.2d 399 (2001).  If there is no violation of law, the §17200 cause of action is not established.  *See Lazar v. Hertz Corp.*, 69 Cal.App.4th 1494, 1505, 82 Cal.Rptr.2d 368 (1999) (demurrer to §17200 claim sustained because there was no violation of alleged predicate law); *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 938-939, 943-944, 134 Cal.Rptr.2d 101 (2003) (summary adjudication of §17200 claim proper if there are no unlawful actions); *Byars v. SCME Mortgage Bankers, Inc.,* 109 Cal.App.4th 1134, 1146, 135 Cal.Rptr.2d 796

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  (2003) (viability of an unlawful §17200 claim stands or falls with the underlying

2  claim).

3        The Forrests allege violations of CIVIL CODE §2923.6, the state and federal

4  statutes defining fraud (CIVIL CODE §§1572-1573, 1709-1711; 18 U.S.C. §§1341

5  and 1343) and the RICO statute support their unlawful claim.  As discussed above,

6  they fail to allege a violation of CIVIL CODE §2923.6.  They do not allege a statutory

7  basis for their claim that fees were inflated.

8        The Forrests do not allege a fraud claim.  Even if they had, they have not met

9  the pleading requirements.  FRCP RULE 9(b) "'require[s] plaintiffs to differentiate

10 their allegations when suing more than one defendant ... and inform each defendant

11 separately of the allegations surrounding his alleged participation in the fraud.'"

12 *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2006) (quoting *Haskin v. R.J.*

13 *Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla. 1998)).  Further, a

14 §17200 claim that relies on fraud must satisfy FRCP, RULE 9.  *Kearns v. Ford*

15 *Motor Co.,* 567 F.3d 1120, 1125 (9th Cir.2009).  They fail to allege any details

16 about any fraud.  They must state the contents of alleged misrepresentative

17 statements, as well as the role of each defendant in the alleged fraud, what is false or

18 misleading about the statement, who made it, when it was made, where it was made

19 and why it is false.  *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir.

20 1999) (citing *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1545 (9th Cir. 1994) (en

21 banc)); *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940

22 F.2d 397, 405 (9th Cir. 1991); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066

23 (9th Cir. 2004).  The Forrests fail to meet these pleading requirements.

24        The Forrests have not properly alleged a RICO claim so they cannot fulfill the

25 unlawful prong using a RICO claim.  The elements of a RICO claim are that the

26 defendant: 1) received income derived from a pattern of racketeering activity, and

27 used the income to acquire or invest in an enterprise in interstate commerce; 2)

28 acquired or maintained an interest in, or control of, an enterprise engaged in

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1  interstate commerce through a pattern of racketeering activity; 3) caused an

2  enterprise engaged in interstate commerce, while employed by the enterprise, to

3  conduct or participate in a pattern of racketeering activity; or 4) conspired to engage

4  in any of these activities. 18 U.S.C. §1962; *Izenberg v. ETS Services, LLC*, 589

5  F.Supp.2d 1193, 1199 (C.D. Cal. 2008); *see also Forsyth v. Humana, Inc.*, 114 F.3d

6  1467, 1481 (9th Cir. 1997).

7      "Racketeering activity" is defined as any one of certain "generically specified

8  criminal acts as well as the commission of one of a number of listed predicate

9  offenses"--generally wire or mail fraud.  *Sosa v. DIRECTV, Inc.,* 437 F.3d 923, 939

10  (9th Cir.2006).  If mail fraud or wire fraud is the activity, the allegations must meet

11  FRCP, RULE 9(b) requirements.  *Izenberg*, 589 F.Supp.2d at 1201; *Lancaster*

12  *Community Hospital v. Antelope Valley Hospital District,* 940 F.2d 397, 405 (9th

13  Cir. 1991).  As discussed, they have not met the RULE 9 requirements.  They also

14  have not alleged facts satisfying other elements of a RICO claim.  A pattern consists

15  of two or more actions of racketeering activity within a 10 year period.  18 U.S.C. §

16  1961(5); *Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal.

17  2008).  Two unrelated actions do not constitute a pattern; the acts must be

18  continuing.  *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496-497, 105 S.Ct.

19  3275 (1985).  The only actions the Forrests allege is that a foreclosure is anticipated,

20  but it has not occurred and mark-ups occurred.  Neither are adequately pled.

21      An enterprise must be an "ongoing organization ... [that] function[s] as a

22  continuing unit."  *Izenberg*, 589 F.Supp.2d at 1203 (quoting and citing *Odom v.*

23  *Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc)).  The Forrests have

24  not shown that there is an ongoing organization.  The Forrests also cannot show any

25  injury.  "To demonstrate injury for RICO purposes, plaintiffs must show proof of

26  concrete financial loss, and not mere injury to a valuable intangible property

27  interest."  *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing *Oscar v.*

28  *University Students Coop. Ass'n,* 965 F.2d 783, 785 (9th Cir.1992)).  The Forrests

- 18 -

have not suffered any injury.  Again, they admit they were in default on their loan.

[Complaint ¶45.]  The Deed of Trust allows the beneficiary to foreclose if they were

in default.  [RJN #2, First Deed of Trust, §22, attached as Exhibit 2.]  No

foreclosure has begun and they have not paid anything on their loan to Specialized.

### 3.      No Unfair Conduct is Pled

An action is unfair if it "'threatens an incipient violation of an antitrust law, or

violates the policy or spirit of one of those laws because its effects are comparable

to or the same as a violation of the law, or otherwise significantly threatens or harms

competition.'"  *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1366, 108

Cal.Rptr.3d 682 (2010) (citing and quoting *Byars v. SCME Mortgage Bankers, Inc.*,

109 Cal.App.4th 1134, 1147, 135 Cal.Rptr.2d 796 (2003)); *Cel–Tech*

*Communications, Inc. v. Los Angeles Cellular Telephone Co*., 20 Cal.4th 163, 187,

83 Cal.Rptr.2d 548 (1999).  The Forrests have not alleged any violation of an

antitrust law or policy of such a law.  They do not allege any violation of any public

policy, much less one tethered to a constitutional, statutory or regulatory provision.

The Forrests have not alleged any practices that affect competition or satisfy

any pre-*Cel-Tech* test.  *Cel–Tech,* 20 Cal.4th at 184.  They have no right to a loan

modification—only a right to be considered for one.  *Mabry v. Superior Court,* 185

Cal.App.4th 208, 231, 110 Cal.Rptr.3d 201 (2010); *see also Hamilton*, 195

Cal.App.4th at 1615-1617; *Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.2d

862, 883 (N.D. Cal. 2010); Civ. Code §2923.4(a).  They admit this occurred.

[Complaint ¶¶41-55.]  Allegedly marking-up fees actually incurred is not unfair

conduct.  *Hutton v. Fid. Nat'l Title Co.*, 213 Cal. App. 4th 486, 495-96, 152 Cal.

Rptr. 3d 584 (2013) (notary charging more than statutory fee is not unfair action);

*see also Baudino v. SCI California Funeral Servs., Inc.*, 169 Cal.App.4th 773, 790,

87 Cal.Rptr.3d 147 (2008) (applying the Funeral Rule, "It cannot be per se unfair or

deceptive for a funeral provider to charge markups on all goods and services it

provides to its customers)".

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

#### 4.     No Fraudulent Conduct is Pled

For purposes of §17200, a "fraudulent" action is one that would likely deceive the public. *Berryman v. Merit Property Management, Inc.,* 152 Cal.App.4th 1544, 1556, 62 Cal.Rptr.3d 177 (2007).  Again, since this claim relies on fraud, it must satisfy RULE 9 specificity requirements. *Kearns,* 567 F.3d at 1125.  It does not. Further, the Forrests' allegations are focused on how they were supposedly deceived.  But they could not have been deceived in any way.  They knew about the loan modification discussions and were denied before a foreclosure occurred. [Complaint ¶¶41-55.]  They admit the amount of the "marked-up" fees were disclosed to them.  [Complaint ¶91.]  They do not allege any basis for requiring Specialized to itemize any costs.  There is none. *See Hutton*, 213 Cal.App.4th at 495-96; *Baudino*, 169 Cal.App.4th at 790.  No claim is stated.

#### 5.     No Relief is Available to the Forrests

Monetary damages, including punitive damages, are simply not available under BUSINESS AND PROFESSIONS CODE §17200. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1148, 131 Cal.Rptr.2d 29 (2003); BUS. AND PROF. CODE §§17203, 17204, 17206; *Czechowski v. Tandy Corp.*, 731 F.Supp. 406, 410 (N.D. Cal. 1990); *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805, 810 (N.D. Cal. 1990); *Cel-Tech*, 20 Cal.4th at 179; *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296 (2002).  "Attorney fees are not recoverable under the UCL [§17200]." *People ex rel. City of Santa Monica v. Gabriel*, 186 Cal.App.4th 882, 889, 112 Cal.Rptr.3d 574 (2010).

All the Forrests can obtain is either injunctive relief or restitution.  Restitution is "restoration of the status quo by the awarding of an 'amount which would put plaintiff in as good a position as he would have been if no contract had been made and restores to plaintiff value of what he parted with in performing the contract.'" *People v. Martinson*, 188 Cal.App.3d 894, 900, 233 Cal.Rptr. 617 (1986) [citations omitted].  "[T]he notion of restoring something to a victim of unfair competition

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- 20 -

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1  includes two separate components.  The offending party must have obtained

2  something to which it was not entitled *and* the victim must have given up something

3  which he or she was entitled to keep." *Day v. AT&T*, 63 Cal.App.4th 325, 340, 74

4  Cal.Rptr.2d 55 (1998).  The Forrests have not alleged that Specialized obtained

5  anything from them.  Indeed, they explicitly allege that they have not made any

6  payments on the loan since late 2010, and Specialized only began servicing the loan

7  in late 2011.  [Complaint ¶¶45-46, 52.]  The foreclosure has not commenced.  Even

8  if it had, they are not entitled to avoid a foreclosure as they admit they were in

9  default.  [Complaint ¶45.]  They agreed that a foreclosure could occur if they

10  defaulted in the Deed of Trust.  [RJN #2, First Deed of Trust, attached as Exhibit 2.]

11  The Forrests are not entitled to a loan modification, so they have not "lost" a

12  modification.  *Mabry ,* 185 Cal.App.4th at 231; *Hamilton*, 195 Cal.App.4th at 1615-

13  1617; *Davenport*, 725 F.Supp.2d at 883; Civ. Code §2923.4(a)  "'There is no

14  equitable reason for invoking restitution when the plaintiff gets the exchange which

15  he expected.'"  *Durell*, 183 Cal.App.4th at 1370-1371 (quoting *Peterson v. Cellco*

16  *Partnership*, 164 Cal.App.4th 1583, 1593, 80 Cal.Rptr.3d 316 (2008)).

17          The Forrests are also not entitled to an injunction.  "[I]njunctive relief will be

18  denied if at the time of the order or judgment, if there is no reasonable probability

19  that the past acts complained of will recur. . . ."  *California Serv. Station Ass'n v.*

20  *Union Oil Co.*, 232 Cal.App.3d 44, 283 Cal.Rptr. 279 (1991); *see also Madrid v.*

21  *Perot Systems Corp.*, 130 Cal.App.4th 440, 462-466, 30 Cal.Rptr.3d 210 (2005)

22  (1992 amendments did not change principle that past acts cannot be

23  enjoined).  There is nothing to enjoin.  Specialized has not engaged in any wrongful

24  conduct that can be enjoined.  The Forrests have not shown that anything has been

25  improperly marked-up.  Specialized cannot be forced to give the Forrests a loan

26  modification.  The Forrests have been considered for a loan modification—twice.

27  [Complaint ¶¶41-55.]  And, they have not met the requirements for requesting a

28  mandatory injunction.  A mandatory injunction is particularly disfavored and will

- 21 -

1  not issue if the facts and law do not clearly favor the party seeking the injunction.

2  *Stanley v. University of Southern California*, 13 F.3d 1313, 1319-1320 (9th Cir.

3  1994); *Teachers Ins. & Annuity Ass'n v. Furlotti*, 70 Cal.App.4th 1487, 1493, 83

4  Cal.Rptr.2d 458 (1999).  The facts do not favor the Forrests' request.

5  **V.   CONCLUSION**

6       The Forrests have not stated their four claims.  No foreclosure is pending.

7  Their CIVIL CODE §2923.6 claim is based upon false facts.  The truth is, Specialized

8  considered the Forrests for a loan modification before January 1, 2013, but still

9  issued a denial letter that satisfied CIVIL CODE §2923.6.  Thus, their First, Second

10  and Third Claims are not stated.  The Forrests also contend that their late fees were

11  "marked-up"; however, even if this was true, it is not prohibited by the Deed of

12  Trust and they never paid such fees anyway.  They are solely seeking tort relief for

13  what could only be a contract claim.  Thus, the mark-up theory cannot save their

14  Second, Third and Fourth Claims.  Finally, they are not owed any money, so their

15  Fourth Claim cannot be stated.  It is also derivative, so it must be dismissed with

16  their other claims.  The motion should be granted.

17  DATED:  June 24, 2013

18

19

20       By _____/s/ Frederick A. Haist_____
             E. SCOTT PALMER
21           ROLAND P. REYNOLDS
             FREDERICK A. HAIST
22           Attorneys for Specialized Loan Servicing
             LLC
23

24

25

26

27

28

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS